IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACQUELINE WEBSTER, ET AL.           :

        Plaintiffs,                              :   Civil No. L-98-647

v.                                                        :

WILLIAM HENDERSON,                      :
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE   :

        Defendant/s.

...oOo...

CONSENT PROTECTIVE ORDER
PERMITTING DISCLOSURE AND USE OF
DOCUMENTS PROTECTED BY THE PRIVACY ACT.

BEFORE THIS COURT comes the Plaintiffs, Jacqueline Webster, Myra L. Pitts, and Elaine M. Seesz-Pinder, and the Defendant Marvin Runyon, Postmaster General, by and through their undersigned counsel, and agree to entry of this Order in this case.

1. This case involves allegations of discrimination and failure to accommodate a handicap under the Rehabilitation Act. As part of their discovery into this matter, plaintiffs have requested certain documents and information concerning third parties which are protected by the Privacy Act, but which are otherwise discoverable in this case pursuant to the broad discovery provisions of the Federal Rules of Civil Procedure.

2. The parties agree that these documents shall be produced to attorney Shannon Salb, and may be reviewed and utilized in this case only by the plaintiffs, Mr. Salb, and/or any attorneys, other legal personnel or experts working with him in this case, and any other person mutually authorized by all counsel to examine such material. No other individuals shall be given access to these documents or the information contained therein. The documents furnished

hereunder may be disclosed to the above-described persons only for use in connection with the litigation of this case.

3.   If documents are produced by third parties, such documents shall also be produced to defendant's attorney Tamera L. Fine, and may be reviewed and utilized in this case only by defendant or his designees, Ms. Fine and/or any federal employees, attorneys, other legal personnel or experts working with her in this case. No other individuals shall be given access to these documents or the information contained therein. The documents furnished hereunder may be disclosed to the above-described persons only for use in connection with the litigation of this case.

4.   All documents or information which are provided pursuant to this Order shall be prominently marked "Confidential -- Subject to Protective Order" as shall any documents making use of such information.

5.   To the extent that any party seeks to utilize any documents or information which are provided pursuant to this Order, any documents containing such information or documents shall be filed with this Court under seal.

6.   To the extent that any materials provided to any party subject to this Order contain both confidential information and information which is not confidential, the confidential portions shall be unambiguously designated as confidential, and all non-confidential portions of the documents may be utilized without reference to this Order.

7.   To the extent that any party seeks to utilize any documents or information which are provided pursuant to this Order at a hearing or trial in this matter, such documents shall be

identified as documents which are subject to this Order and, if admitted as exhibits, shall be placed under seal.

8. All individuals given access to documents or information under this Order shall be provided with a copy of this Order and shall be bound by this Order.

9. Neither consent to this Order nor production of documents or information subject to this Order shall be deemed a waiver of any objection to such documents or information as evidence in this case.

10. At the conclusion of this litigation, the discovering party shall destroy or, at the provider's expense, return to the person providing the documents any documents furnished hereunder (including all copies).

11. Any party or third-party for good cause shown may apply to the Court for modification of this Order.

SO ORDERED THIS 5TH day of ~~September~~ October, 1999.

_____
United States District Judge

Agreed:

_____
Shannon M. Salb, Esq. by consent attached
Richard H. Semsker, Esq.
LIPPMAN & ASSOCIATES, PLLC
1120 G Street, N.W.
Suite 200
Washington, D.C. 20005
(202) 824-8100

Counsel for Plaintiff

_____
Tamera Fine, Esq.
Assistant U.S. Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, MD 21201-2692
(410) 209-4806

Counsel for Defendant

3

Respectfully submitted,

_____  
Shannon M. Salb, Esq.  
Richard H. Semsker, Esq.  
LIPPMAN & ASSOCIATES, PLLC  
1120 G Street, N.W.  
Suite 200  
Washington, D.C. 20005  
(202) 824-8100  

Counsel for Plaintiff

_____  
Tamera Fine, Esq.  
Assistant U.S. Attorney  
6625 United States Courthouse  
101 West Lombard Street  
Baltimore, MD  21201-2692  

Counsel for Defendant

_____  
UNITED STATES DISTRICT JUDGE

5