# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JACQUELINE WEBSTER, ET AL.** | : | 1999 SEP 24  A 10: 56 |
| **Plaintiffs,** | : | **Civil No. L-98-647** CLERK'S OFFICE AT BALTIMORE |
| **v.** | : | BY_____DEPUTY |
| **WILLIAM HENDERSON,** | : | FILED<br>LODGED ——ENTERED<br>——RECEIVED |
| **POSTMASTER GENERAL,**<br>**UNITED STATES POSTAL SERVICE** | : | OCT 0 7 1999 |
| **Defendant/s.** | | AT BALTIMORE<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND |

...oOo...

BY

DEPUTY

### AMENDED CONSENT PROTECTIVE ORDER
### PERMITTING DISCLOSURE AND USE OF
### DOCUMENTS PROTECTED BY THE PRIVACY ACT.

BEFORE THIS COURT comes the Plaintiffs, Jacqueline Webster, Myra L. Pitts, and

Elaine M. Seesz-Pinder, and the Defendant Marvin Runyon, Postmaster General, by and through

their undersigned counsel, and agree to entry of this Order in this case.

1.      This case involves allegations of discrimination and failure to accommodate a

handicap under the Rehabilitation Act.  As part of their discovery into this matter, plaintiffs have

requested certain documents and information concerning third parties from defendant, as well as

other entities, which are protected by the Privacy Act when located in the files of the United

States, but which are otherwise discoverable in this case pursuant to the broad discovery

provisions of the Federal Rules of Civil Procedure.

2.      The parties agree that these documents shall be produced to attorney Shannon

Salb, and may be reviewed and utilized in this case only by the plaintiffs, Mr. Salb, and/or any

attorneys, other legal personnel or experts working with him in this case, and any other person

mutually authorized by all counsel to examine such material.  No other individuals shall be given

access to these documents or the information contained therein. The documents furnished hereunder may be disclosed to the above-described persons only for use in connection with the litigation of this case.

3.    If documents are produced by third parties, such documents shall also be produced to defendant's attorney Tamera L. Fine, and may be reviewed and utilized in this case only by defendant or his designees, Ms. Fine and/or any federal employees, attorneys, other legal personnel or experts working with her in this case. No other individuals shall be given access to these documents or the information contained therein. The documents furnished hereunder may be disclosed to the above-described persons only for use in connection with the litigation of this case.

4.    All documents or information which are provided pursuant to this Order shall be prominently marked "Confidential -- Subject to Protective Order" as shall any documents making use of such information.

5.    To the extent that any party seeks to utilize any documents or information which are provided pursuant to this Order, any documents containing such information or documents shall be filed with this Court under seal.

6.    To the extent that any materials provided to any party subject to this Order contain both confidential information and information which is not confidential, the confidential portions shall be unambiguously designated as confidential, and all non-confidential portions of the documents may be utilized without reference to this Order.

7.    To the extent that any party seeks to utilize any documents or information which are provided pursuant to this Order at a hearing or trial in this matter, such documents shall be

2

identified as documents which are subject to this Order and, if admitted as exhibits, shall be placed under seal.

8.    All individuals given access to documents or information under this Order shall be provided with a copy of this Order and shall be bound by this Order.

9.    Neither consent to this Order nor production of documents or information subject to this Order shall be deemed a waiver of any objection to such documents or information as evidence in this case.

10.    At the conclusion of this litigation, the discovering party shall destroy or, at the provider's expense, return to the person providing the documents any documents furnished hereunder (including all copies).

11.    Any party or third-party for good cause shown may apply to the Court for modification of this Order.

SO ORDERED THIS _15 TH_ day of ~~September~~ OCTOBER, 1999.

_[signature]_
United States District Judge

Agreed:

_[signature]_
Shannon M. Salb, Esq.    by consent
Richard H. Semsker, Esq.
LIPPMAN & ASSOCIATES, PLLC
1120 G Street, N.W.
Suite 200
Washington, D.C. 20005
(202) 824-8100

Counsel for Plaintiff

_[signature]_
Tamera Fine, Esq.
Assistant U.S. Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, MD 21201-2692
(410) 209-4806

Counsel for Defendant

3

 **U.S. Department of Justice**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

*United States Attorney*
*District of Maryland* 1999 SEP 24 A 10: 56
*Northern Division*

CLERK'S OFFICE
AT BALTIMORE

| | |
|---|---|
| Lynne A. Battaglia | 6625 United States Courthouse |
| United States Attorney | 101 West Lombard Street |
| | Baltimore, Maryland 21201-2692 |
| Tamera Fine | |
| Assistant United States Attorney | |

DEPUTY    410-209-4800
TTY/TDD:410-962-4462
410-209-4806
FAX 410-962-9947

September 24, 1999

The Honorable Benson Everett Legg
740 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21228

     Re:    Webster v. Henderson
             Civil No. L-98-647

Dear Judge Legg:

     Enclosed is a copy of the Amended Consent Protective Order in this case, superceding the Consent Protective Order filed yesterday. I have filed the Amended Consent Protective Order to accommodate the changes requested by a third party from whom Plaintiffs have requested documents. Although we believed when we submitted the original order that it was acceptable, I got a telephone call after filing the original order requesting the changes in order to prevent a discovery dispute involving this third party. Both Mr. Salb and I consent to those changes, which are incorporated into the Amended Consent Protective Order.

     I apologize for any confusion this may cause.

                       Sincerely yours,

                       Lynne A. Battaglia
                       United States Attorney

                       Tamera L. Fine
                       Assistant United States Attorney

cc:    Court file

       Shannon M. Salb, Esquire
       Lippman & Associates, PLLC
       1120 G. Street, N.W.
       Suite 200
       Washington, D.C. 20005